UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Charles Lamb, #186788 <br> *a.k.a Charles Willis Lamb*, <br><br> Plaintiff, <br><br> v. <br><br> Doctor Robert Babb, Lieber Correctional Institution Medical Staff, <br><br> Defendant. | C/A No. 8:09-1855-CMC-BHH <br><br> REPORT AND RECOMMENDATION |

Charles Lamb (Plaintiff), proceeding *pro se*, brings this action pursuant to 42 U.S.C. § 1983.[*] Plaintiff is incarcerated at Lieber Correctional Institution, and he files this action *in forma pauperis* under 28 U.S.C. § 1915. In his complaint, Plaintiff alleges that the Defendant refused to have Plaintiff sent to the hospital for an examination.

## Pro Se and *In Forma Pauperis* Review

Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint pursuant to the procedural provisions of 28 U.S.C. § 1915; 28 U.S.C. § 1915A; and the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996). This review has been conducted in light of the following precedents:

---

[*] Pursuant to the provisions of 28 U.S.C. §636(b)(1)(B) and Local Rule 73.02(B)(2)(d), D.S.C., the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the District Court. Further reference to this complaint brought under Title 42 of the United States Code will be by section number only.

*Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995); and *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983).

This complaint has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action "fails to state a claim on which relief may be granted" or is "frivolous or malicious." 28 U.S.C. § 1915(e)(2)(B)(i), (ii). A finding of frivolity can be made where the complaint "lacks an arguable basis either in law or in fact." *Denton v. Hernandez*, 504 U.S. at 31. A claim based on a meritless legal theory may be dismissed *sua sponte* under 28 U.S.C. § 1915(e)(2)(B). *See Neitzke v. Williams*, 490 U.S. 319 (1989); *Allison v. Kyle*, 66 F.3d 71 (5th Cir. 1995).

This Court is required to liberally construe *pro se* documents, *Erickson v. Pardus*, 551 U.S. 89 (2007); *Estelle v. Gamble*, 429 U.S. 97 (1976), holding them to a less stringent standard than those drafted by attorneys, *Hughes v. Rowe*, 449 U.S. 9 (1980). Even under this less stringent standard, however, the *pro se* complaint is subject to summary dismissal. The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so. However, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to

allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990).

Background

This is the seventeenth case filed by this prisoner since August of 2008, containing factual allegations about Plaintiff's allegedly broken hand.[**] This Court may take judicial notice of Plaintiff's litigation history and of the contents of his various filings with the Court. *Aloe Creme Laboratories, Inc. v. Francine Co.*, 425 F.2d 1295, 1296 (5th Cir. 1970). *See also Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989) ("We note that 'the most frequent use of judicial notice is in noticing the content of court records'").

Service of process was authorized in Plaintiff's first case regarding his allegedly un-casted broken hand. *See Lamb v. Department of Corrections, et al.,* Civil Action No. 8:08-2805-CMC-BHH (D.S.C.). However, the case was ultimately dismissed for Plaintiff's failure to prosecute. Plaintiff's subsequent cases regarding his broken hand have been recommended for summary dismissal for Plaintiff's failure to state a claim upon which relief may be granted.

In the present case, Plaintiff states that he was shadow boxing in his cell, when Plaintiff hit his hand on the "food service bars on the S.M.U. Lock-up Unit." Plaintiff states he told a nurse that his hand was turning purple and that he believed his hand may be

---

[**] *See* Civil Action No.'s : 8:09-1854-CMC-BHH; 8:09-1853-CMC-BHH; 8:09-1806-CMC-BHH; 8:09-1656-CMC-BHH; 8:09-1655-CMC-BHH; 8:09-1231-CMC-BHH; 8:09-964-CMC-BHH; 8:09-726-CMC-BHH; 8:09-478-CMC-BHH; 8:09-477-CMC-BHH; 8:09-322-CMC-BHH; 8:09-105-CMC-BHH; 8:08-3732-CMC-BHH; 8:08-3685-CMC-BHH; 8:08-3558-CMC-BHH; 8:08-2805-CMC-BHH.

broken. Plaintiff indicates that he was seen by the nurse, who looked at Plaintiff's injury and agreed to call a doctor. Plaintiff sues Doctor Robert Babb for failing to give an "order" for Plaintiff to go to the hospital so that his injured hand could be examined. Plaintiff seeks monetary damages from the Defendant in the amount of one hundred thousand dollars ($100,000).

## Discussion

Plaintiff claims that the Defendant refused to send Plaintiff to the hospital so that x-rays could be performed on his allegedly broken hand. Thus, it appears Plaintiff may be claiming deliberate indifference to his medical needs pursuant to 42 U.S.C. § 1983. A civil action under § 1983 allows "a party who has been deprived of a federal right under the color of state law to seek relief." *City of Monterey v. Del Monte Dunes at Monterey, Ltd.*, 526 U.S. 687, 707. To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

While the law is clear that correctional systems are required to provide medical care to inmates, *Helling v. McKinney*, 509 U.S. 25 (1993), a prisoner in a § 1983 case "must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). The Supreme Court has stated that not "every claim by a prisoner that he has not received adequate medical treatment states a violation." *Estelle v. Gamble*, 429 U.S. at 105. In addition, although the Constitution requires that prisoners be provided with a certain minimum level

4

of medical treatment, "it does not guarantee to a prisoner the treatment of his choice." *Jackson v. Fair*, 846 F.2d 811, 817 (1st Cir. 1988). Further, while the provision of medical care by prison or jail officials is not discretionary, the type and amount of medical treatment is discretionary. *See Brown v. Thompson*, 868 F. Supp. 326 & n. 2 (S.D.Ga. 1994).

In the instant complaint, Plaintiff's injured hand was examined by a nurse at Lieber Correctional Institution. However, Plaintiff claims Defendant Babb refused to provide an "order" necessary for Plaintiff's transport to a hospital for x-rays and further examination. Many of Plaintiff's previous civil cases regarding his broken hand, indicate that, subsequent to his injury, Plaintiff **did** receive x-ray tests at Kirkland Correctional Institution (KCI).[***] Thus, it appears Plaintiff received medical x-rays of his injury, but not medical x-rays at an outside hospital of his choice. As such, Plaintiff's factual allegations fail to state a cognizable claim of "deliberate indifference" against the Defendant.

At most, Plaintiff's claim, that the Defendant would not "order" Plaintiff "to go to the hospital," sounds in negligence. However, negligent or incorrect medical treatment is not actionable under § 1983. *Estelle v. Gamble*, 429 U.S. at 106. *See also Daniels v. Williams*, 474 U.S. 327, 328-36 & n.3 (1986); *Davidson v. Cannon*, 474 U.S. 344, 345-48 (1986); *Ruefly v. Landon*, 825 F.2d 792, 793-94 (4th Cir. 1987). As Plaintiff's claim fails

---

[***] *See* Case Action No.'s: 8:08-2805 (taken to KCI for x-rays after shadow-boxing injury on April 22, 2008); 8:08-3685 (x-rays provided for injured hand); 8:08-3732 (x-rays provided for hand injury); 8:09-322 (x-ray tests performed at KCI on allegedly broken hand); 8:09-477 (x-rays performed at KCI); 8:09-478 (discussing KCI x-ray test results of injured hand); 8:09-1231(x-rays performed on hand injured while shadow boxing in S.M.U. Lock-up Unit); 8:09-1655 (KCI x-ray nurse performed x-rays); 8:09-1854 (x-rays performed at KCI on injured hand).

to rise to the level of deliberate indifference, and negligence is not cognizable under § 1983, Plaintiff's complaint is subject to summary dismissal.

Recommendation

Accordingly, it is recommended that the District Judge dismiss the complaint in the above-captioned case without prejudice and without issuance and service of process. *See United Mine Workers v. Gibbs*, 383 U.S. 715 (1966). *See also Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972).

                                                s/Bruce Howe Hendricks
                                                United States Magistrate Judge

July 22, 2009
Greenville, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
Post Office Box 10768
Greenville, South Carolina 29603

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).